■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SEASE, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J., at suppression hearing, trial and sentence), rendered November 30, 1984, which convicted defendant of two counts of robbery in the second degree and sentenced him as a predicate felon to an indeterminate term of imprisonment of from 7½ years to 15 years; and judgment of the same court, entered the same date, which convicted

him, upon a guilty plea, of robbery in the second degree and sentenced him as a predicate felon to an indeterminate term of imprisonment of from 7½ to 15 years, both sentences to run concurrently, unanimously affirmed.

There is no merit to the claim that the suppression court erred in denying defendant's motion to suppress identification testimony. Defendant argues that the lineup procedure was impermissibly suggestive because he was the youngest and shortest of all participants. However, there is no requirement that a defendant in a lineup must be surrounded by people nearly identical in appearance *(People v Mattocks*, 133 AD2d 89, 90 [2d Dept 1987], citing *United States v Reid*, 517 F2d 953). All that is required is that the lineup constitute a fairly representative panel *(People v Gairy*, 116 AD2d 733 [2d Dept 1986]). Here, there was no great height or age disparity to support defendant's view that the panel created a substantial risk of misidentification or was otherwise impermissibly suggestive. *(See, e.g., People v Adams*, 53 NY2d 241 [1981].)

We are also unpersuaded by defendant's claim that the court erred in denying his request for a charge on the lesser included offense of robbery in the third degree. There was no view of the evidence to support such a charge *(People v Glover*, 57 NY2d 61, 63 [1982]). Both victims testified that two men acted in concert from the inception of the crime, when they "cased" the premises earlier in the morning, until its conclusion. Finally, there were no inconsistencies in the testimony of the two victims to support defendant's claim that his guilt was not proven beyond a reasonable doubt. It is for the jury to resolve the issues of credibility *(People v Malizia*, 62 NY2d 755, 757 [1984], *cert denied* 469 US 932 [1984]). In any event, the minor confusion as to the particular roles played by defendant and his accomplice is insufficient to warrant reversal where the testimony was wholly consistent as to the acts performed during the robbery by two men acting in concert. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.