■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE BAITY, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J., at *Wade* hearing and jury trial), rendered November 2, 1989, convicting defendant of murder in the second degree and attempted robbery in the second degree, and sentencing him to concurrent terms of imprisonment of from 15 years to life and from 2 to 6 years, respectively, unanimously affirmed.

Evidence adduced at trial was that in the early morning hours of July 16, 1988, the 25-year-old male victim was accosted on a Manhattan street by a group of approximately 12 young men, including defendant and his co-defendant, Vernon Jackson. Three eyewitnesses who were previously acquainted with defendant and Jackson saw the group approach the victim, hit and punch him in and about the face, take his wallet and leave him on the sidewalk, bleeding and apparently dead. Although one eyewitness could not identify any of the attackers other than Jackson, and believed that defendant was not among the group, the other two eyewitnesses were positive that both defendant and Jackson struck the victim, rifled through his pockets, and ran off with the group. Those two witnesses identified defendant, both at trial and through pretrial identification procedures, as a participant in the beating and robbery.

Police and medical testimony was that moments after the attack, the victim was in cardiac arrest, bleeding from the nose and ears, and had no discernible pulse or respiration. He was pronounced brain dead upon arrival at Bellevue Hospital, and could not survive removal of a respirator.

Viewing the evidence of defendant's participation in a vicious gang attack for purposes of robbery in the light most favorable to the defendant (see, People v Butts, 72 NY2d 746), no reasonable view of the evidence would support a jury charge on the affirmative defense to felony murder. Sufficient evidence must be presented for the jury to find by a preponderance of the evidence that the elements of the affirmative defense are satisfied (Penal Law § 125.25 [3]; see, People v Moye, 66 NY2d 887).

Likewise without merit is defendant's claim that the hearing court improperly denied defendant's request for suppression of pretrial and trial identification of defendant. Initially, the approximately 26-hour delay between defendant's arrest and arraignment, not per se unreasonable, was sufficiently explained by the People as due to difficulty in locating the identifying witness, as well as efforts to obtain appropriate stand-ins for the lineup procedure, and defendant was afforded ample opportunity to obtain counsel, if he so desired (see, e.g., People v Hall, 158 AD2d 69, lv denied 76 NY2d 940). A visual examination of the lineup photograph indicates that, despite defendant's claim of undue suggestiveness because defendant was the youngest participant, in fact the subjects were remarkably similar in appearance and the lineup constituted a fairly representative panel (see, e.g., People v Sease, 155 AD2d 391, lv denied 75 NY2d 818).

Additionally, the hearing court properly ruled that the identification of defendant through a photo array procedure, by a witness previously well-acquainted with defendant, did not present an issue of suggestiveness as it was confirmatory in nature (People v Tas, 51 NY2d 915). Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.