■ The People of the State of New York, Respondent, v Eric Blackwell, Also Known as Patrick Tello, Appellant.—Judgment, Supreme Court, New York County (Herbert Alt-

man, J., at suppression hearing; Mary Davis, J., at jury trial), rendered December 20, 1990, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of imprisonment of 2 to 4 years, unanimously affirmed.

The complainant's testimony at trial of the removal of her wallet from her closed shoulder pocketbook on a crowded subway train, the nearby defendant's initial denial of involvement and then his removing the wallet from his pocket and throwing it down as he fled, as well as the complainant's identification of defendant at a subsequent lineup procedure, constituted overwhelming evidence of defendant's guilt of the crime charged (see, People v Bleakley, 69 NY2d 490). The trial court properly denied defendant's request for a jury charge on the lesser included offense of petit larceny, as no reasonable view of the evidence would support a determination by the jury that defendant was guilty of the lesser and not the greater offense (see, People v Glover, 57 NY2d 61).

An examination of the lineup photograph indicates that the lineup constituted a fair grouping and, as found by the hearing court, any differences in the subjects' skin tone, when considered with the similarity of age, height, body type, etc., were not sufficient to create a substantial likelihood that defendant would be singled out. Although there is no requirement that a defendant in a lineup be surrounded by people nearly identical in appearance (People v Sease, 155 AD2d 391, lv denied 75 NY2d 818), the police acted appropriately in arranging for no lineup subject to wear eyeglasses when they could not locate similar eyeglasses for each subject. Defendant's argument that because he was not provided with the eyeglasses he would normally wear, he might have exhibited some clue that he needed eyeglasses is purely speculative and unsupported by the record.

We have considered defendant's remaining arguments on appeal and find them to be either unpreserved for appellate review as a matter of law or without merit. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.