■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DURDEN, Appellant. [621 NYS2d 611] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered June 19, 1992, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

Defendant raises claims of error on appeal that were not preserved by appropriate and timely objection at trial (CPL 470.05). Defendant's guilt of the crime charged was proven beyond a reasonable doubt and we decline interest of justice review of defendant's current claims of error. Were we to review in the interest of justice, we would find no basis for modification of the judgment. We note that the prosecutor properly cross-examined defendant regarding his failure to report to the authorities his alleged role as a hero in the incidents leading to his arrest, as it was most unusual for defendant to omit such details from the statements he gave freely to the police and to the prosecutor (see, People v Savage, 50 NY2d 673, 679, cert denied 449 US 1016). As this evidence was properly before the jury, the prosecutor was entitled to comment thereon in summation (supra, at 677). Further, the prosecutor was entitled to comment in summation on defendant's failure to call witnesses who, according to defendant's testimony, were friends of his who could corroborate his claim of innocent presence at the scene (see, People v Smith, 166 AD2d 385, 386, affd 79 NY2d 779).

Finally, we note that despite the trial court's unobjected-to disfavored "two inferences" charge language, there was no diminution of the People's burden of proof, as the charge viewed as a whole conveyed the appropriate burden of proof *(see, People v Nunez,* 203 AD2d 190, *lv denied* 83 NY2d 970). Concur—Murphy, P. J., Rosenberger, Ross, Asch and Nardelli, JJ.