■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH K. BRINSON, Appellant. [697 NYS2d 221] —Judgment unanimously affirmed. Memorandum: Defendant appeals from

a judgment convicting him after a jury trial of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). County Court properly limited defendant's cross-examination of complainant regarding his racial bias. The proof sought to be introduced was inadmissible because it concerned the alleged general ill will of complainant and not his specific hostility toward defendant (*see, People v Thomas,* 46 NY2d 100, 105, *appeal dismissed* 444 US 891). Thus, under the circumstances of this case, the risk of confusing the jury outweighed the probative value of the proof (*see, People v Thomas, supra,* at 105-106; *People v Washpun,* 134 AD2d 858, 859, *lv denied* 70 NY2d 1012).

We reject the contention of defendant that he was denied effective assistance of counsel (*see, People v Satterfield,* 66 NY2d 796, 798-799). Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation. Most of the alleged instances of prosecutorial misconduct have not been preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Those instances that are preserved for our review do not warrant reversal. The prosecutor's comment that defendant had a motive to lie was made in response to defense counsel's attack on the credibility of complainant (*see, People v Keogh,* 188 AD2d 312, *lv denied* 81 NY2d 888). Defendant further contends that the prosecutor improperly commented on defendant's failure to call a witness, a cousin of defendant's friend, who could have corroborated defendant's testimony that complainant had asked for a ride and wanted to buy drugs. The prosecutor's comment, however, was merely an effort "to persuade the jury to draw inferences that supported the People's position" and not an impermissible effort to shift the burden of proof (*People v Tankleff,* 84 NY2d 992, 994; *see also, People v Durden,* 211 AD2d 568, *lv denied* 85 NY2d 937). Additionally, although the prosecutor's derogatory references regarding the manner in which defendant dressed were improper, they were not so egregious as to deny defendant due process of law (*see, People v Hess,* 234 AD2d 925, *lv denied* 90 NY2d 1011).

We reject the contention of defendant that the evidence is insufficient to support the conviction of first degree robbery (Penal Law § 160.15 [3]). Viewed in the light most favorable to the People, the evidence is sufficient to establish that defendant used force to escape with stolen property (*see, People v Nelson,* 233 AD2d 926, 927). Finally, the sentence is neither

unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Harvey, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.