■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA HOHS PECK, Appellant. [708 NYS2d 666] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her after a jury trial of grand larceny in the third degree (Penal Law § 155.35) for embezzling money from her employer over a two-year period. Defendant was sentenced to a determinate term of incarceration of one year and ordered to pay restitution in the amount of $45,000.

Defendant contends that a prosecution witness should have been qualified as an expert before being permitted to testify to matters requiring expertise. Defendant did not move to exclude the testimony of the witness on that ground, however, and defendant's objection to a single question by the prosecutor based upon the lack of qualifications of the witness is not sufficient to preserve her present contention for our review (*see,* CPL 470.05 [2]). By failing to object to County Court's supplemental instructions to the jury, defendant likewise failed to preserve for our review her present contention that those instructions were inadequate.

The conviction in this circumstantial evidence case is supported by legally sufficient evidence, and the verdict is not against the weight of the evidence (*see, People v Rossey,* 89 NY2d 970, 971; *People v Williams,* 84 NY2d 925; *People v Bleakley,* 69 NY2d 490, 495). The court did not err in ordering restitution without holding a hearing. Defendant did not request a restitution hearing, and the trial testimony was sufficient for the court to determine the proper amount of restitution (*see, People v Consalvo,* 89 NY2d 140, 144).

We reject the contention of defendant that she was denied due process of law by prosecutorial misconduct. Most of the alleged instances of misconduct have not been preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Those instances that are preserved for our review do not warrant reversal. The court

sustained the objection to the prosecutor's improper attempt to question defendant about her desire to speak to an attorney during questioning by police, and the court included a curative instruction in its charge to the jury. Although defendant now contends that the curative instruction should have been given immediately, defendant did not make that request at trial. We conclude that the prosecutor's cross-examination of defendant concerning corroboration of her contention that she obtained money by selling furniture and from advances on credit cards rather than from the victim was not an impermissible effort to shift the burden of proof (see, People v Brinson, 265 AD2d 879, lv denied 94 NY2d 860). Although the prosecutor's sarcastic comments on cross-examination of defendant and during summation were improper and are not to be condoned, they were not so egregious as to deny defendant due process of law (see, People v Brinson, supra). Although the prosecutor improperly suggested in cross-examining defendant that she fabricated her testimony by tailoring it to conform to the People's proof (see, People v Fiori, 262 AD2d 1081; but see, Portuondo v Agard, 529 US 61), the court sustained defendant's objection and defendant did not request curative instructions. The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Harvey, J.—Grand Larceny, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Balio and Lawton, JJ.