■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAUNCEY DILLON, Appellant. [815 NYS2d 574]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered December 17, 2004, convicting defendant, after a jury trial, of murder in the second degree, attempted robbery in the first degree, assault in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts) and reckless endangerment, and sentencing him to an aggregate term of 30 years to life, unanimously affirmed.

Since defendant chose to make a statement to the police, the prosecutor was entitled to make appropriate reference in summation to the content of the statement, and his remarks did not constitute an improper comment on defendant's exercise of the right to remain silent (*see e.g. People v Durden*, 211 AD2d 568 [1995], *lv denied* 85 NY2d 937 [1995]). In any event, the court's instruction to the jury was sufficient to prevent any prejudice.

The court properly exercised its discretion in denying

defendant's mistrial motion based upon testimony that allegedly violated CPL 60.35, since the court provided an adequate remedy by striking the testimony and delivering thorough curative instructions during the trial and again at its conclusion (*see People v Davis*, 58 NY2d 1102, 1104 [1983]; *People v Santiago*, 52 NY2d 865 [1981]).

The court properly declined to charge the affirmative defense to felony murder since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support that defense (*see e.g. People v Baity*, 178 AD2d 190 [1991], *lv denied* 79 NY2d 943 [1992]). The statute (Penal Law § 125.25 [3]) requires a defendant to establish four elements by a preponderance of the evidence, and there was no reasonable view that defendant met that burden as to any of them.

Defendant became aware of an unnoticed statement at the *Huntley* hearing, argued for suppression of the statement, and had a full opportunity to litigate the issue. Accordingly, any deficiency in the notice provided by the People was irrelevant, and the statement was properly admitted (CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903 [1996]; *People v Rivera*, 306 AD2d 186 [2003], *lv denied* 100 NY2d 598 [2003]; *People v Evans*, 258 AD2d 273 [1999], *lv denied* 93 NY2d 924 [1999]). In any event, the difference between the noticed and unnoticed statements was inconsequential.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.