OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered.
Defendant was charged with sexual abuse in the second degree (Penal Law § 130.60 [2]) in connection with an incident that allegedly took place while he was giving the complainant, a student at the public school where he taught, a private music lesson at his home.
We first address defendant’s claim of Sandoval-related error. At a pretrial Sandoval hearing, the court precluded inquiry as to two alleged prior incidents involving students at the same school. During the prosecutor’s cross-examination of defendant, the issue of whether defendant had “opened the door” to questioning about prior alleged incidents arose, and, at a sidebar conference, the court ruled that he had, in fact, “opened the door” (a ruling we need not address here). The court also directed the prosecutor to discuss with defense counsel the “report” (as the prosecutor referred to it) from the prosecutor’s initial Sandoval application. A second Sandoval hearing was *48 then held for the purpose of determining the extent to which defendant had “opened the door.” At this hearing, the prosecutor raised only the two alleged prior incidents about which the court had initially precluded questioning. She then said, “That’s the extent of the questioning.” The court ruled: “I have heard what the People have indicated that they were going to state before the jury in asking the defendant. I will permit that to be asked in connection with the statement the defendant made on direct examination.”
When cross-examination resumed, the prosecutor initially questioned defendant about the two incidents permitted by the court’s modified Sandoval ruling. After failing to elicit an admission from him as to either, she proceeded, over defense objection, to question him about a third alleged incident, this one involving one of defendant’s private students. At this point, defense counsel moved for a mistrial, arguing, in part, that the court had permitted the prosecutor to go beyond the bounds of the modified Sandoval ruling. At another conference, the prosecutor did not dispute defense counsel’s assertion that she had not raised the third incident in her discussion with him of her “report.” She also indicated that she had information about other alleged incidents. In the face of defense counsel’s continued protest to the court that it had permitted the prosecutor to go outside its modified Sandoval ruling, the court said, “But I did not limit it at all. I did not say these are the only two things you can go into.”
Cross-examination resumed again, and the prosecutor continued to question about the third alleged incident. She did not elicit from him an admission that this incident had taken place. She then questioned him about a fourth alleged incident, one concerning inappropriate comments that defendant had made to a class at the school. Defendant acknowledged that this incident had occurred.
We find that the court’s modified Sandoval ruling, fairly interpreted, permitted the prosecutor to cross-examine defendant only about the two alleged prior incidents that had been discussed at the conference. The court erred in permitting the prosecutor to go far outside the bounds of the ruling (see People v Gatewood, 241 AD2d 372 [1997]; cf. People v Tucker, 25 AD3d 419, 420 [2006]). We further find that this error warrants reversal of the judgment on the law (see People v Crimmins, 36 NY2d 230 [1975]).
*49 We next address a related issue involving the court’s charge. The court charged the jury, with no relevant context, as follows:
“With respect to the defendant, such prior convictions or criminal conduct are not evidence of the defendant’s guilt in the case or evidence that the defendant is a person who is disposed to commit crimes. You are permitted to consider such convictions or conduct only to evaluate the defendant’s truthfulness.”
We find that this charge was erroneous, because it invited the jury to draw the unwarranted and highly prejudicial inference that the alleged prior incidents had led to criminal convictions.
A series of hearsay rulings by the trial court were also erroneous. The court repeatedly sustained hearsay objections to defense counsel’s attempts to elicit from defendant verbatim recitations of comments that the complainant and a detective had, according to defendant, made to him. Most of the statements in question were being offered not to prove the truth of what they asserted, but, rather, to prove that they were made; hence, they were not hearsay, whether or not they were in verbatim form (see e.g. People v Romero, 78 NY2d 355, 361 [1991] [“the accepted definition of hearsay” is “ ‘a statement made out of court, that is, not made in the course of the trial . . . if it is offered for the truth of the fact asserted in the statement’ (Richardson, Evidence § 200, at 176 [Prince 10th ed])”]). To the extent that the charge and hearsay errors are not preserved, we exercise our discretion to reach them in the interest of justice, noting, in this context, that the jury evinced substantial difficulty in reaching a verdict. Furthermore, in our opinion, these errors, independently of the Sandoval error, and to an even greater extent in conjunction with it, deprived defendant of a fair trial.
Hence, we reverse the judgment both on the law and as a matter of discretion in the interest of justice, and remit the matter to the District Court for a new trial (see CPL 470.15 [3] [c]; [6] [a]; see generally People v Kass, 59 AD3d 77 [2008]). In view of our disposition, we observe that we reject defendant’s argument that the court erred in declining to preclude certain statements allegedly made by him that were *50 not included in the CPL 710.30 notice. We reject this argument because defendant became aware of the statements at the Huntley hearing, and thus had an opportunity to litigate their voluntariness (see People v Dillon, 30 AD3d 1135, 1136 [2006]; People v Schnugg, 257 AD2d 669 [1999]).
We do not reach defendant’s remaining arguments.
Rudolph, EJ., Molía and Scheinkman, JJ., concur.