*612 The court properly declined to charge the affirmative defense to felony murder (Penal Law § 125.25 [3]) since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support that defense (see e.g. People v Baity, 178 AD2d 190 [1st Dept 1991], lv denied 79 NY2d 943 [1992]). Defendant bases his argument for charging the affirmative defense on speculative inferences from evidence that tends to negate the affirmative defense more than it supports it. If anything, the evidence cited by defendant suggests that he had reason to believe he was embarking on the kind of robbery that could only be carried out by means of deadly weapons, and that had the potential for lethal violence.
As the People concede, defendant’s determinate sentences for the nonhomicide convictions carried five-year rather than 10 year periods of postrelease supervision. Concur — Gonzalez, EJ., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.