FILED
United States Court of Appeals
Tenth Circuit

July 30, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO SERVIN-ACOSTA,

Defendant - Appellant.

No. 07-2228

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 2:07-cr-00799-JCH-1)**

---

Scott M. Davidson, Albuquerque, New Mexico, for Defendant - Appellant.

William J. Pflugrath, Assistant United States Attorney, (Gregory J. Fouratt, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff - Appellee.

---

Before **HARTZ**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

**HARTZ**, Circuit Judge.

Ricardo Servin-Acosta pleaded guilty in the United States District Court for

the District of New Mexico to a charge of illegal reentry after deportation. *See*

8 U.S.C. § 1326(a)(1), (b).  The district court sentenced him to 30 months' imprisonment.  On appeal he contends that the court miscomputed his offense level under the United States Sentencing Guidelines (USSG) because it should not have considered a minute order from a California court purportedly reflecting a conviction of second-degree robbery, *see* Cal. Penal Code §§ 211, 212.5 (1993).  He argues that (1) the minute order is insufficiently reliable to prove that he was convicted of the offense and (2) even if the minute order proves the conviction, it does not prove that he was convicted of "robbery" within the meaning of USSG § 2L1.2.  We hold that (1) the minute order, together with other evidence before the district court, was sufficient to prove the conviction, but (2) the evidence did not establish that the conviction was for the crime of generic robbery, as required by § 2L1.2.  Exercising jurisdiction under 28 U.S.C. § 1291, we therefore remand for resentencing.

## I.    BACKGROUND

Mr. Servin-Acosta was apprehended by Border Patrol agents in southern New Mexico on March 4, 2007.  An immigration check revealed that he had been deported on April 30, 1993, after serving two years' imprisonment for a conviction in California state court for second-degree robbery.  On May 1, 2007, he pleaded guilty (without a plea agreement) to a one-count information charging him with illegal reentry by an alien who had been deported.

The probation office's presentence report (PSR) assigned Mr. Servin-Acosta a base offense level of eight. *See* USSG § 2L1.2(a). Because of the prior conviction for robbery, which it termed a crime of violence, the PSR increased the base offense level by 16 levels. *See id*. § 2L1.2(b)(1)(A)(ii). After a three-level reduction for acceptance of responsibility, *see id*. § 3E1.1, Mr. Servin-Acosta's total offense level was 21. His California robbery conviction produced three criminal-history points, placing him in criminal-history category II. As a result, his Guidelines sentencing range was 41 to 51 months in prison.

Mr. Servin-Acosta filed a sentencing memorandum requesting a sentence of 12 months and a day. He objected to the imposition of the 16-level enhancement for his robbery conviction, contending that there was insufficient evidence of the conviction because the only evidence was a minute order that "d[oes] not bear sufficient indicia of reliability." R. Vol. I, Doc. 22 at 6. He pointed out that (1) the name appearing on the minute order was "Ricardo *Sevin*" (omitting both the "r" in "Servin" and "Acosta"); (2) the minute order was labeled "amended" without indicating the nature of the amendment; (3) the minute order was missing a paragraph; and (4) although the public defender's name was handwritten on the minute order, no one had checked a box used to indicate whether counsel was present for his guilty plea. In addition, the sentencing memorandum might be read as arguing that even if the minute order was sufficient to establish the

existence of the robbery conviction, it was insufficient to prove that he had been convicted of "robbery" within the meaning of USSG § 2L1.2.

The government filed a response to the sentencing memorandum. Attached to the response were the California minute order, an immigration report created at the time of Mr. Servin-Acosta's March 4, 2007, arrest, and another immigration report memorializing the 1993 deportation proceedings. The government's response stated:

> The Defendant has not denied the fact that he was convicted of robbery, but rather alleges that the government has failed to sufficiently prove his prior conviction. He complains about the Minute Order, but if anything, the Minute Order is more reliable than an average docket report, which would withstand such scrutiny. The Minute Order in this case includes the Defendant's name . . . in addition to the names of the judge, clerk, court reporter, prosecutor, defense counsel, and interpreter. The Minute Order also clearly states the dates in which the Defendant pled guilty and was sentenced, the statute the Defendant violated, and the imposed sentence of two years. Most importantly, the portion of the Minute Order that includes a "certification after guilty plea to felony" contains the judge's signature.
>
> Furthermore, the government has other documentation which corroborates the Defendant's robbery conviction. When the Defendant was most recently arrested, a Border Patrol agent completed a "Record of Deportable/Inadmissible Alien" form, known as a Form I-213. In order to complete the form, the agent had to check the Defendant's criminal and immigration history. . . . When the agent checked the Defendant's criminal history, a report similar to a [National Crime Information Center] report was generated, and is included within the Form I-213. This report also showed that the Defendant was convicted of robbery and sentenced to two years in prison.
>
> Within the Defendant's immigration file was yet another document, further corroborating his robbery conviction: a "Record of Deportable Alien" form prepared on June 29, 1993, shortly after

the Defendant was convicted of robbery. This form was prepared when immigration authorities began deportation proceedings against the Defendant. This form shows that the Defendant was referred to deportation proceedings because he was convicted of second degree robbery on March 10, 1992 in case number 4576047 in Fresno, California. Again, this information is identical to the information contained in the Minute Order. The form also contains additional information about the Defendant, such as his birthdate, residence, and parents' names—information that is consistent with information included in the PSR and provided by the Defendant.

*Id*. Doc. 23 at 4–5 (citations to record omitted).

At sentencing on September 4, 2007, Mr. Servin-Acosta reiterated his objections to the PSR, but raised no concerns regarding the government's factual responses to his sentencing memorandum. The district court overruled the objections, adopted the Guidelines calculations set forth in the PSR, and sentenced him to a below-Guidelines sentence of 30 months' imprisonment.

## II.    DISCUSSION

### A.    Proof of Prior Conviction

Mr. Servin-Acosta contends that the district court had insufficient evidence to find that he had been convicted of second-degree robbery in California. We are not persuaded.

We review the district court's factual findings for clear error. *See United States v. Hawley*, 93 F.3d 682, 686–87 (10th Cir. 1996). The sentencing court may find that the defendant has a prior conviction if it is satisfied by a preponderance of the evidence. *See United States v. Martinez-Jimenez*, 464 F.3d

-5-

1205, 1209 (10th Cir. 2006). As we have stated, "A case summary obtained from a state court and prepared by a clerk—even if not certified by that court—may be sufficiently reliable evidence of conviction for purposes of enhancing a federal sentence where the defendant fails to put forward any persuasive contradictory evidence." *United States v. Zuniga-Chavez*, 464 F.3d 1199, 1205 (10th Cir. 2006). Moreover, we have approved the use of a criminal-history report generated by the National Crime Information Center to establish a prior conviction when the defendant has failed to present any evidence that he is not the person who is the subject of the report. *See Martinez-Jimenez*, 464 F.3d at 1210–12.

As proof of Mr. Servin-Acosta's prior robbery conviction, the government offered three sources: the minute order; a Form I-213 report created after Mr. Servin-Acosta's March 4, 2007, arrest; and another Form I-213 from his 1993 deportation proceedings. Mr. Servin-Acosta has not challenged the I-213 forms or the government's explanation of how they corroborate the minute order as proof of his prior conviction. Nor has he presented any evidence that he was not convicted of robbery in California. His argument amounts to little more than reliance on a decision by the Ninth Circuit, *United States v. Snellenberger*, 493 F.3d 1015, 1019–20 (9th Cir. 2007). But *Snellenberger* does not help him. Although it said that a minute order cannot be used to prove the underlying

conduct, it added that such an order can be used to prove the fact of a conviction.

*See id*. at 1017 n.5.

The district court found that the evidence was sufficient:

> I do think that the minute order is reliable, and I think the
> government has proven the conviction by a preponderance of the
> evidence, and I do note that the government came forth with
> additional documentation that tends to support the reliability of the
> previous conviction, so I will overrule the defendant's argument on
> that point.

R. Vol. III at 16. The court's finding was not clear error.

## B.    Crime of Violence Under § 2L1.2

Mr. Servin-Acosta next contends that the district court erred in concluding

that a robbery conviction under Cal. Penal Code § 211 qualifies as a "robbery"

under USSG § 2L1.2's definition of "crime of violence." The application note to

this Guidelines provision defines "[c]rime of violence" as:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex
> offenses, statutory rape, sexual abuse of a minor, *robbery*, arson,
> extortion, extortionate extension of credit, burglary of a dwelling, or
> any other offense under federal, state, or local law that has as an
> element the use, attempted use, or threatened use of physical force
> against the person of another.

*Id*. cmt. n.1(B)(iii) (emphasis added). Cal. Penal Code § 211 defines robbery as

"the felonious taking of personal property in the possession of another, from his

person or immediate presence, and against his will, accomplished by means of

force or fear." Mr. Servin-Acosta argues that the term *robbery* in the Guidelines

provision encompasses only "generic" robbery and that the California statute is

broader than generic robbery. The California statute is broader, he says, because it encompasses the use of force to effect an escape after the taking has occurred.

The government responds that Mr. Servin-Acosta's conviction constitutes a crime of violence because "robbery" is one of the felonies enumerated in § 2L1.2's definition of *crime of violence*. It asserts that "[t]he fact that the robbery statute in California may not include the same application of force as a generic robbery is irrelevant." Aplee. Br. at 13.

We review de novo the district court's interpretation of the Guidelines and its determination that Mr. Servin-Acosta's prior conviction for second-degree robbery in California is a crime of violence. *See United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005). We disagree with the government's argument.

A State's designation of a criminal provision as its "robbery" statute does not necessarily mean that it qualifies as "robbery" under § 2L1.2. When applying the Guidelines, we have rejected the notion that whether a state conviction was for an enumerated but undefined crime "depends upon how the crime is characterized under state law." *United States v. Vasquez-Flores*, 265 F.3d 1122, 1124 (10th Cir. 2001). In *Vasquez-Flores* the issue was whether the defendant's prior conviction was for an "aggravated felony" under the version of § 2L1.2 in effect at the time. The commentary to the section cross-referenced the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43), which included "a theft offense

-8-

(including receipt of stolen property)." *Id.* at 1123 (internal quotation marks omitted). We said that "in interpreting this sentencing guideline, we should adopt a uniform generic definition of 'theft offense (including receipt of stolen property).'" *Id.* at 1124. Accordingly, in construing an enumerated offense in § 2L1.2's definition of crime of violence, we adopt a "uniform generic definition." *Id. See also United States v. Romero-Hernandez*, 505 F.3d 1082, 1087 (10th Cir. 2007) (adopting "ordinary, contemporary, and common" definition of "forcible sex offense" under USSG § 2L1.2 (internal quotation marks omitted)); *United States v. Becerril-Lopez*, 528 F.3d 1133, 1140–42 (9th Cir. 2008) (adopting generic definition of "robbery" under USSG § 2L1.2); *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378–79 (5th Cir. 2006) (same).

The government has made no effort to show that Mr. Servin-Acosta was convicted of generic robbery. On the contrary, it has conceded that second-degree robbery in California is broader than generic robbery, and it has presented no evidence that Mr. Servin-Acosta's specific offense was generic robbery. It simply put all its eggs in one defective basket—the argument that "robbery is robbery, period." Accordingly, we must remand for further sentencing proceedings.

## III.  CONCLUSION

We REMAND for resentencing.

-9-