HOWARD, Circuit Judge
(concurring in part and concurring in the judgment).
I join the majority’s analysis in all respects except as to the reliability of the records of conviction. As to that issue, I join in the judgment. I think the best view of the record of the sentencing hearing is that, when the district court concluded that the government had provided sufficient evidence to demonstrate that Bryant was convicted of the New York offense, the court necessarily concluded that the NCIC, NYSPIN, and correctional records were reliable. Bryant had clearly challenged these documents in particular, arguing that they could not be relied upon to prove the fact of conviction, and, moreover, the district court had actual copies of the *162 correctional department records and an NCIC report, so it was not limited to relying solely on the government’s recitation of the sources cited in the PSR.
That said, I won’t quarrel with the majority’s decision to require an express reliability inquiry on remand in this case. When it comes to that inquiry, I am inclined to think that criminal history reports such as an NCIC report will suffice to prove the fact of conviction, especially at a sentencing hearing in which the defendant, like Bryant here, makes no claim that he is not the subject of the NCIC report. See United States v. Servin-Acosta, 534 F.3d 1362, 1365 (10th Cir.2008).