FILED
United States Court of Appeals
Tenth Circuit

**July 20, 2009**

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AUDON JUAREZ-GALVAN, also
known as Abdon Juarez-Galvan,

Defendant - Appellant.

No. 08-3211

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 6:08-CR-10045-MLB-1)**

---

Timothy J. Henry, Assistant Federal Public Defender, Office of the Federal Public
Defender for the District of Kansas, Wichita, Kansas, appearing for Appellant.

Leon Patton, Assistant United States Attorney (Marietta Parker, Acting United
States Attorney, Brent I. Anderson, Assistant United States Attorney, and James
A. Brown, Assistant United States Attorney, on the briefs), Office of the United
States Attorney for the District of Kansas, Wichita, Kansas, appearing for
Appellee.

---

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

Defendant-Appellant Audon Juarez-Galvan appeals his fifty-seven-month sentence for unlawful re-entry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that the district court erred in applying a sixteen-level enhancement under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2L1.2(b)(1)(A)(ii) because neither of his California convictions for kidnapping and robbery qualifies as a "crime of violence." We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Finding no plain error, we AFFIRM.

## I. BACKGROUND

Mr. Juarez-Galvan pleaded guilty without a plea agreement to violating 8 U.S.C. § 1326(a) and (b)(2). The presentence report ("PSR") calculated his base offense level as 8 under U.S.S.G. § 2L1.2(a). The PSR then recommended a sixteen-level enhancement under § 2L1.2(b)(1)(A)(ii) because Mr. Juarez-Galvan had previously been deported after a conviction for a crime of violence. The section of the PSR detailing Mr. Juarez-Galvan's criminal history noted that he had two 1988 convictions in California for kidnapping and second-degree robbery.

These calculations yielded an adjusted offense level of 24. The PSR recommended a three-level reduction for acceptance of responsibility under § 3E1.1(b). The total offense level was thus 21, and with Mr. Juarez-Galvan's criminal history category of IV, the PSR recommended an advisory Guidelines

range of 57–71 months' imprisonment.

At sentencing, Mr. Galvan objected only to his criminal history score. He argued that his 1988 California convictions should not affect his score because they were too remote, *see* U.S.S.G. § 4A1.2(e), and that the PSR incorrectly added two points for committing the instant offense while on probation for another offense. *See* U.S.S.G. § 4A1.1(d). The court reduced Mr. Galvan's criminal history category to III, which produced a Guidelines sentencing range of 46–57 months. Citing 18 U.S.C. § 3553(a) and noting Mr. Galvan's history of returning illegally to the United States, the court then sentenced Mr. Galvan at the top of that range.

For the first time on appeal, Mr. Juarez-Galvan argues that neither of his 1988 California convictions constitutes a crime of violence under § 2L1.2(b)(1)(A)(ii).[1]

## II. DISCUSSION

A.    Standard of Review

Whether a conviction qualifies as a crime of violence under § 2L1.2 is a matter of statutory interpretation that we normally would review de novo. *United*

---

[1]Mr. Juarez-Galvan also argues that his fifty-seven-month sentence is substantively unreasonable. That argument, however, is premised on the alleged procedural error in calculating his Guidelines range. Thus, in holding that the district court did not commit plain error in calculating Mr. Juarez-Galvan's Guidelines range, we also reject his argument that his sentence was substantively unreasonable.

*States v. Zuniga-Soto*, 527 F.3d 1110, 1116–17 (10th Cir. 2008). Because Mr. Juarez-Galvan did not object to the crime-of-violence enhancement, however, we will review only for plain error. *See United States v. Jordan*, 890 F.2d 247, 250 (10th Cir. 1989). Under plain error review, "we will reverse the judgment . . . only if there is (1) error, (2) that is plain, which (3) affects substantial rights. If these three criteria are met, then we may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Zubia-Torres*, 550 F.3d 1202, 1208 (10th Cir. 2008) (citation omitted). Mr. Juarez-Galvan bears the burden to establish plain error warranting relief. *United States v. Gonzales*, 558 F.3d 1193, 1199 (10th Cir. 2009).

B.      Crime of Violence Framework

Section 2L1.2(b)(1)(A)(ii) instructs district courts to apply a sixteen-level enhancement "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." The commentary to that section defines the term "crime of violence":

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, *kidnapping*, aggravated assault, forcible sex offenses . . ., statutory rape, sexual abuse of a minor, *robbery*, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

-4-

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added).[2]  Thus, we have explained

that there are two ways that a felony conviction[3] could constitute a crime of

violence.  *Zuniga-Soto*, 527 F.3d at 1115.  First, a felony qualifies if it is one of

the twelve enumerated offenses under § 2L1.2 cmt. n.1(B)(iii).  *Id.*  In the

alternative, a felony is a crime of violence if it "has as an element the use,

attempted use, or threatened use of physical force against the person of another

. . . ."  *Id.* (quoting § 2L1.2 cmt. n.1(B)(iii)).  In this case, the government

concedes that neither offense contains an element of the use, attempted use, or

threatened use of physical force.  Accordingly, we must determine whether at

least one of Mr. Juarez-Galvan's California convictions was for an offense

enumerated in the commentary to § 2L1.2.

Both kidnapping and robbery are listed as enumerated offenses for purposes

of § 2L1.2(b)(1)(A)(ii).  Mr. Juarez-Galvan was convicted of kidnapping under

Cal. Penal Code § 207(a) and second-degree robbery under Cal. Penal Code.

§ 211.  California's designation of those offenses, however, is not dispositive.

*See United States v. Servin-Acosta*, 534 F.3d 1362, 1366 (10th Cir. 2008) ("A

State's designation of a criminal provision as its 'robbery' statute does not

---

[2]"Commentary that explains a [United States Sentencing G]uideline is
authoritative unless it violates the Constitution or a federal statute, or is
inconsistent with, or a plainly erroneous reading of, that guideline."  *United
States v. Cruz-Alcala*, 338 F.3d 1194, 1199 (10th Cir. 2003) (quotations omitted).

[3]There is no dispute that Mr. Juarez-Galvan's two convictions were
felonies.

necessarily mean that it qualifies as 'robbery' under § 2L1.2."). Instead, we must consider "the uniform generic definition" of the enumerated offense, and then determine whether the state statute corresponds to that generic definition. *See id.* at 1367; *see also Taylor v. United* States, 495 U.S. 575, 598 (1990).[4] If it does, then the conviction qualifies as a crime of violence. *See United States v. Cummings*, 531 F.3d 1232, 1234 (10th Cir. 2008) (describing this as the "categorical approach"); *see also Taylor*, 495 U.S. at 602.

C.      Kidnapping Conviction

As noted above, Mr. Juarez-Galvan was convicted of kidnapping under Cal. Penal Code § 207(a). The version of that statute in effect in 1988 stated:

> Every person who forcibly steals, takes, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping.

Cal. Penal Code § 207(a) (West 1988).[5]

_____

[4]*Taylor* involved application of the Armed Career Criminal Act's "violent felony" provision. *See Taylor*, 495 U.S. at 581 (citing 18 U.S.C. § 924(e)). But we also use the *Taylor* analysis when interpreting U.S.S.G. § 2L1.2. *See, e.g.*, *Zuniga-Soto*, 527 F.3d at 1119–1121; *United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005).

[5]The parties initially (and erroneously) relied on a later version of § 207(a), which prohibits taking a person by force "or by any other means of instilling fear." *See* Cal. Penal Code § 207(a) (West 2004). Thus, in his opening brief, Mr. Juarez-Galvan argued that the offense did not contain an element of physical force. The parties have since submitted supplemental briefing and clarified their positions. We find the distinction in the statutory language immaterial to our analysis, which focuses on whether kidnapping under § 207(a) qualifies as the enumerated offense of kidnapping—not whether kidnapping contains an element

(continued...)

The PSR did not explain why the kidnapping conviction should be considered a crime of violence, and because Mr. Juarez-Galvan did not object to the PSR's recommendation, the district court also provided no reasons. On appeal, the parties' sole disagreement regarding the kidnapping issue is whether Cal. Penal Code § 207(a) is broader than the generic definition of kidnapping.

Our analysis focuses on the second prong of the plain error test. The district court did not commit "plain" error because, if it erred at all, the error was not "clear or obvious." *See Gonzales*, 558 F.3d at 1200. Mr. Juarez-Galvan cites, and our research has uncovered, only one federal case addressing this issue. In *United States v. Moreno-Florean*, 542 F.3d 445 (5th Cir. 2008), the Fifth Circuit looked to the Model Penal Code ("MPC") to determine the generic definition of kidnapping, concluding that the current version of § 207(a) is broader than that generic definition. *Id.* at 452–56. Specifically, the court reasoned that § 207(a) contained only two elements—(1) the removal or confinement of a person (2) by force, threat or fraud—whereas the MPC's definition contained an additional aggravating element such as a specified purpose in the taking.[6] *Id.* at 454.

_____

[5](...continued)
of physical force.

[6]The court's analysis would likely be the same under the 1988 version of § 207(a). As we noted *infra*, the current version only differs from the older statute in that it prohibits the forceful taking of a person or taking a person "by any means of instilling fear." Thus, neither version contained the aggravating element that the court found essential to the generic definition of kidnapping.

Other authority, however, suggests a contrary conclusion. In *United States v. De Jesus Ventura*, 565 F.3d 870 (D.C. Cir. 2009), the District of Columbia Circuit observed that a critical distinction between generic kidnapping and broader state definitions of the offense is the "element of intent or severity"—an element that the court deemed present in § 207(a)'s requirement that the victim be taken to another location. *Id.* at 877–78 & n.11.

In addition, the Fifth Circuit in *Moreno-Florean* arrived at the uniform generic definition of kidnapping by considering only the MPC and a variety of kidnapping statutes from other states. *Moreno-Florean*, 542 F.3d at 452. But courts have noted that the generic definition of an enumerated offense should be formulated after consulting a variety of sources, including Black's Law Dictionary. *See United States v. Iniguez-Barba*, 485 F.3d 790, 793 (5th Cir. 2007) (relying on Black's definition of "kidnapping" in determining whether kidnapping under New York law was a crime of violence under § 2L1.2(b)(1)(A)(ii)); *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006) ("To establish the generic contemporary meaning of an enumerated offense, we consider, *inter alia*, the Model Penal Code, Professors LaFave's and Scott's treatises, modern state codes, and dictionaries."). Black's Law Dictionary, in turn, defines "kidnapping" in terms comparable to the elements of § 207(a). *See* Black's Law Dictionary 886 (8th ed. 2004) (kidnapping is "[t]he crime of seizing and taking away a person by force or fraud . . . .").

Given the lack of clear authority on the issue, we cannot say that it would have been plainly erroneous for the district court to support the § 2L1.2(b)(1)(A)(ii) enhancement on the basis that § 207(a) corresponds to the generic definition of kidnapping. "An error in a ruling is 'plain' only if the ruling violates 'well-settled law.'" *United States v. Baum*, 555 F.3d 1129, 1135–36 (10th Cir. 2009) (quoting *United States v. Smith*, 413 F.3d 1253, 1274 (10th Cir. 2005)). We have found no plain error in similar circumstances. *See Gonzalez*, 558 F.3d at 1200 (finding no plain error in determining that the defendant's conviction constituted a violent felony under the Armed Career Criminal Act in part because there was no Supreme Court or Tenth Circuit authority that directly addressed the issue). Mr. Juarez-Galvan's cited authorities and our own research have not convinced us that the law is well-settled as to whether Cal. Penal Code § 207(a) corresponds to the generic definition of kidnapping. Accordingly, we conclude that Mr. Juarez-Galvan has not met his burden to establish plain error.

D.    Robbery Conviction

Although it is not necessary to the resolution of this appeal, we briefly address the parties' arguments regarding Mr. Juarez-Galvan's robbery conviction. Mr. Juarez-Galvan was convicted under Cal. Penal Code § 211, which defined robbery at the time of his conviction as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code. § 211 (1988).

-9-

Contrary to Mr. Juarez-Galvan's assertion, this court has not held that Cal. Penal Code § 211 is broader than the generic definition of robbery. Rather, in *Servin-Acosta*, we simply explained that the government had conceded the point. *Servin-Acosta*, 534 F.3d at 1367. Moreover, there is a split of authority on this precise question. *Compare United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008) ("Cal. Penal Code § 211 is broader than generic robbery . . . ."), *with United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th Cir. 2008) ("[R]obbery under § 211 of the California Penal Code falls within the generic or contemporary meaning of robbery . . . ."). Thus, we conclude that the district court also did not plainly err in applying the enhancement based on Mr. Juarez-Galvan's robbery conviction.

### III. CONCLUSION

The district court did not commit plain error in applying the sixteen-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on either Mr. Juarez-Galvan's conviction for kidnapping under Cal. Penal Code § 207(a) or his conviction for robbery under Cal. Penal Code § 211. Mr. Juarez-Galvan's sentence is AFFIRMED. His motion for leave to file a supplemental reply brief is GRANTED.