**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JULIO CESAR ESCOBEDO,

Defendant-Appellant.

No. 08-2019
(D.N.M.)
D.C. CR-07-622-LH

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, TYMKOVICH,** and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Julio Cesar Escobedo appeals his within-Guidelines, forty-six-month sentence for attempting to illegally reenter the country. Mr. Escobedo was assessed a sixteen-level upward adjustment to his offense level for having previously committed a crime of violence. The upward adjustment was based on a prior California conviction for attempted kidnapping. He challenges the adjustment, arguing that the California statute, Cal. Penal Code § 207(a), is broader than the "generic, contemporary meaning" of kidnapping. Exercising

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **AFFIRM** Mr. Escobedo's sentence.

## I. BACKGROUND

On January 1, 2007, Mr. Escobedo, accompanied by a woman who claimed to be his wife, applied for admission into the United States at the Columbus, New Mexico Port of Entry. They both claimed to be American citizens and presented United States passports. They were stopped for questioning because Mr. Escobedo, who was twenty-nine years old at the time, did not resemble the forty-one-year-old man in his passport photograph. The border agents determined that Mr. Escobedo and his companion were Mexican citizens and were attempting to enter the country illegally. They also discovered that Mr. Escobedo had previously been deported after having been convicted of attempted kidnapping in Los Angeles County, California.

Mr. Escobedo pleaded guilty to attempting to illegally reenter the United States, in violation of 8 U.S.C. § 1326(a), (b). The Presentence Investigation Report ("PSR") calculated his total offense level to be 21, which included a sixteen-level upward adjustment for previously having been convicted in December 2004 of a crime of violence, namely, attempted kidnapping. *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(A).[1]

---

[1] Mr. Escobedo was sentenced under the 2006 version of the United
(continued...)

Based on an offense level of 21 and a criminal history category of III, the recommended Guidelines range was forty-six to fifty-seven months.

Mr. Escobedo filed a sentencing memorandum in which he requested a technical change to the PSR. He also argued that his personal circumstances—in particular, the fact that most of his family lives in the United States—warranted a below-Guidelines sentence. Mr. Escobedo did not, however, challenge the application of the crime-of-violence adjustment. The district court denied Mr. Escobedo's variance request and sentenced him to forty-six months' imprisonment, to be followed by two years of supervised release. This appeal followed in which the only issue is whether a conviction for attempted kidnapping under California Penal Code § 207(a) is a crime of violence.

## II. DISCUSSION

"Whether a prior offense constitutes a 'crime of violence' under § 2L1.2 presents a question of statutory interpretation," which we ordinarily review de novo. *United States v. Zuniga-Soto*, 527 F.3d 1110, 1116–17 (10th Cir. 2008); *see also United States v. Garcia-Caraveo*, 586 F.3d 1230, 1232 (10th Cir. 2009). However, when a defendant fails to object to the district court's application of the Sentencing Guidelines, we only review for plain error. *Garcia-Caraveo*, 586 F.3d

---

[1](...continued)
States Sentencing Guidelines manual; therefore, all citations herein are to that version of the Guidelines.

at 1232.  Under plain-error review, the defendant "must show:  (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights.  If he satisfies these criteria, this Court may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (internal quotation marks omitted); *see United States v. Olano*, 507 U.S. 725, 732–37 (1993).

The government contends that Mr. Escobedo has waived his right to challenge the application of the crime-of-violence adjustment, thereby precluding all appellate review.  We have explained:

> Waiver is different from forfeiture.  Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.  In other words, waiver is accomplished by intent, but forfeiture comes about through neglect.  Given this distinction, we have held that a party that has forfeited a right by failing to make a proper objection may obtain relief for plain error; but a party that has waived a right is not entitled to appellate relief.

*United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007) (alterations omitted) (citations omitted) (emphasis omitted) (internal quotation marks omitted).  The government notes that the PSR recommended that the crime-of-violence adjustment be applied.  It argues that, because Mr. Escobedo filed objections to the PSR, "he is presumed to have considered all other issues, and he failed to raise his crime of violence adjustment."  Aplee. Br. at 8.  At the

sentencing hearing, the district court specifically asked, "Do you have any objections to the Presentence Report?" R., Vol. IV, Tr. at 2 (Sentencing Proceedings, dated Jan 7, 2008). Mr. Escobedo said that he did not. *Id.* According to the government, "[Mr.] Escobedo's response was an intentional abandonment of a known right to challenge his Guidelines range calculation." Aplee. Br. at 9.

We have previously rejected similar waiver arguments. In *United States v. Zubia-Torres*, 550 F.3d 1202 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2034 (2009), the probation officer who prepared the PSR had recommended a sixteen-level enhancement because the defendant previously had committed a "drug trafficking offense." *Id.* at 1204. At sentencing, the district court asked defense counsel whether he had any objection to the enhancement. *Id.* Counsel replied that "the offense was correctly calculated by Probation." *Id.* (internal quotation marks omitted). On appeal, we held that counsel's response was not a waiver, because there was "nothing in the record to suggest that counsel actually identified the issue related to [the defendant's] sentencing enhancement and either invited the court to make the particular error or abandoned any claim that the enhancement did not apply." *Id.* at 1205. We therefore reviewed the defendant's claim for plain error. *Id.*

We likewise find that Mr. Escobedo did not waive his right to challenge the crime-of-violence enhancement. The relevant inquiry is not, as the government

suggests, whether the defendant knew that he had a "right to challenge his Guidelines range calculation." Aplee. Br. at 9. Rather, the question is whether the defendant had identified the particular claim of error that he now seeks to raise on appeal. Mr. Escobedo's entire course of conduct, from his objections to the PSR to his statement at the sentencing hearing, suggests that he was not aware of any basis for challenging the sentencing enhancement. This is a routine case of forfeiture. Accordingly, we review for plain error.

We conclude that Mr. Escobedo cannot prevail under this rigorous standard. Even if the district court erred in determining that Mr. Escobedo's California kidnapping conviction was a crime of violence, any such error would not have been clear or obvious. We reached essentially the same conclusion in a recent precedential decision, *United States v. Juarez-Galvan*, 572 F.3d 1156 (10th Cir.), *cert. denied*, 130 S. Ct. 762 (2009). There, we affirmed the sentence of a defendant who received the sixteen-level crime-of-violence adjustment for a conviction under California's kidnapping statute, Cal. Penal Code § 207(a). *Id.* at 1160–61. As in this case, our review was under the plain-error standard. *Id.* at 1158–59. We concluded that, if the district court "erred at all" in applying the adjustment, the error was not clear or obvious. *Id.* at 1160.

More specifically, in *Juarez-Galvan*, we held that "[g]iven the lack of clear authority on the issue, we cannot say that it would have been plainly erroneous for the district court to support the § 2L1.2(b)(1)(A)(ii) [crime-of-violence]

-6-

enhancement on the basis that § 207(a) corresponds to the generic definition of kidnapping." *Id.* at 1161. To be sure, we did address an earlier version of California's kidnapping statute in *Juarez-Galvan* than the version that was applicable to Mr. Escobedo. *See id.* at 1160 n.5. However, we expressly noted that "the distinction in the statutory language" between the earlier version and the 2004 version (which would have been in force at the time of Mr. Escobedo's conviction) was "immaterial to our analysis, which focuses on whether kidnapping under § 207(a) qualifies as the enumerated offense of kidnapping." *Id.*

We can discern no reason why *Juarez-Galvan* should not control our disposition of Mr. Escobedo's appeal.[1] Thus, we conclude that, even if the district court erred in applying the sixteen-level crime-of-violence adjustment to Mr. Escobedo, it did not plainly err—*viz.*, it did not commit clear or obvious error. Accordingly, Mr. Escobedo cannot succeed under plain-error review.

---

[1] The fact that Mr. Escobedo was convicted of the inchoate crime of attempted kidnapping, rather than the completed substantive offense—like the defendant in *Juarez-Galvan*—is inconsequential. Under the Guidelines, a crime of violence "include[s] the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." U.S.S.G. § 2L1.2 cmt. n.5; *see United States v. Gonzalez-Ramirez*, 477 F.3d 310, 312 (5th Cir. 2007) ("[A] conviction for *attempted* 'kidnapping' may qualify as the enumerated offense of kidnapping for purposes of section 2L1.2(b)(1)(A).") (citing commentary).

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentencing order.

Entered for the Court

Jerome A. Holmes
Circuit Judge