■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY GASKIN, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's argument that he was deprived of a fair trial by the court's denial of his motion for a severance. Defendant was charged with two armed robberies which occurred approximately six or seven hours apart at separate locations. The offenses are "the same or similar in law" and thus were properly joinable (CPL 200.20 [2] [c]; *see, People v Jenkins,* 50 NY2d 981). Defendant's motion for severance was addressed to the court's discretion *(see,* CPL 200.20 [3]; *People v Lane,* 56 NY2d 1; *People v Mercer,* 151 AD2d 1004, *lv denied* 74 NY2d 815) and there is nothing in the record to suggest that such discretion was not properly exercised.

We also find that the accomplice testimony of Otis Harris was sufficiently corroborated by the testimony of three individ-

uals who were working at McDonald's restaurant at the time of the robbery. All three witnesses identified defendant as one of the perpetrators (see, CPL 60.22 [1]; *People v Moses,* 63 NY2d 299, 306; *People v Glasper,* 52 NY2d 970, 971; *People v Daniels,* 37 NY2d 624, 630).

Defendant's arguments concerning purported errors in the court's charge are unpreserved for appellate review (see, CPL 470.05 [2]; *People v Pelc,* 101 AD2d 995), and we decline to address them in the interest of justice (CPL 470.15 [6] [a]).

We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Onondaga County Court, Mulroy, J.—robbery, first degree.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.