■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE COBLE, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction of three counts of first degree robbery and one count of second degree criminal possession of a weapon arising out of his holdup of two supermarkets. He contends that reversal is required as a result of admission of evidence of his prior possession of a handgun; that he was deprived of a fair trial by prosecutorial misconduct; that the court erred in refusing to sever the two incidents; that the lineups were suggestive; that the court erred in its instruction on reasonable doubt; and that his sentence is harsh and excessive.

It was error to admit evidence that defendant had previously possessed a handgun in the absence of evidence that

there was any similarity between that weapon and the weapon brandished by defendant during the robberies. Nonetheless, the error was rendered harmless by the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230, 238-242), including the unequivocal identification testimony of nine eyewitnesses.

The court properly denied defendant's motion to sever counts two to four, the Super Duper robbery, from count five, the Tops robbery, because the counts were joinable pursuant to CPL 200.20 (2) (b) and (c). The two incidents were jointly triable under the Molineux analysis (see, People v Molineux, 168 NY 264) of CPL 200.20 (2) (b) because defendant's identity was in issue and his modus operandi was sufficiently unique to make proof of his commission of one robbery probative of his commission of the other. Moreover, the counts were properly joined as the "same or similar in law" (CPL 200.20 [2] [c]), and the court was not required to sever them absent a showing by defendant of "good cause" (CPL 200.20 [3] [a], [b]).

The identification testimony was properly admitted. The lineup was not suggestive and was not tainted by the prosecutor's remarks preceding it. The prosecutor's reference to the prior photo identification was ill-advised, but was not tantamount to coaching the witnesses to make a particular selection at the lineup.

The prosecutor's remarks on summation, in which he repeatedly stated that the People's witnesses had not lied under oath, were improper and misleading; nevertheless, those comments did not deprive defendant of a fair trial and any prejudice was alleviated by the court's instructions on evaluating the identification testimony.

Reversal is not required as a result of the unpreserved error in the court's charge on reasonable doubt (People v Hartle, 151 AD2d 1003, lv denied 74 NY2d 810; People v Cooper, 147 AD2d 926, lv denied 74 NY2d 738; People v Garrett, 147 AD2d 905, lv denied 74 NY2d 664; People v Jackson, 124 AD2d 975, 976, lv denied 69 NY2d 746).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.