Argued and submitted September 14, 1990, convictions affirmed; sentences for theft
and burglary vacated; remanded for resentencing May 22, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH EMILE JONES,
*Appellant.*

## (C89-05-32219; CA A63465)

812 P2d 9

Kirkland T. Roberts, Portland, argued the cause and filed the brief for appellant.

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his conviction for robbery in the third degree, ORS 164.395, and challenges the imposition of consecutive sentences on his convictions for theft in the first degree and burglary in the second degree. ORS 164.055; ORS 164.215. We affirm the convictions but remand for resentencing.

The victim in this case, the owner of a formal-wear store, came upon defendant late one evening as he was removing tuxedos from the loading dock of her store. She pressed a security buzzer and screamed, "Robbery." Defendant threw the tuxedos over a security fence behind the store and jumped over the fence to the sidewalk. When the victim approached him to try to prevent his escape, defendant, while holding an armful of formal-wear, struck her with his elbow or shoulder, knocking her to her knees. He then fled. Defendant was arrested and, following a trial to the court, was convicted of burglary, theft and robbery.

Defendant argues that the court erred in convicting him of robbery in the third degree, because there was insufficient evidence to prove, beyond a reasonable doubt, that he knowingly and intentionally used physical force upon the victim, with the intent to overcome resistance to theft of property. ORS 164.395. He asserts that his contact with the victim was inadvertent. We hold that there was sufficient evidence for the trial court to conclude that defendant intentionally struck the victim to prevent her from thwarting his escape.

Defendant next argues that the trial court erred in imposing consecutive sentences on his convictions for burglary in the first degree and theft in the second degree, because the trial court failed to apply ORS 137.123(4) and failed to make findings to indicate that the requirements of that statute were met. The state agrees that the court did not make any findings relating to that statute. In order to impose consecutive sentences, the court must find that consecutive sentences are authorized by ORS 137.123(4)(a) or (b). *State v. Racicot,* 106 Or App 557, 809 P2d 726 (1991).

Convictions affirmed; sentences for theft and burglary vacated; remanded for resentencing.