■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CABRERA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, upon a jury verdict, of burglary in the third degree, petit larceny, and two counts of criminal mischief in the fourth degree. Those crimes stemmed from defendant's alleged involvement in two separate incidents: a break-in at a travel agency and a broken window at a dry cleaning store. Defendant signed a statement admitting that he broke the window at the store. He denied, however, any involvement in the burglary at the travel agency, even though his fingerprint was lifted from a document therein. Defendant contends that County Court erred in

denying his motion to sever the criminal mischief count of the indictment relating to the incident at the store from the remaining counts of the indictment. We disagree.

The offenses are "the same or similar" and thus were properly joinable (CPL 200.20 [2] [c]; *see, People v Jenkins,* 50 NY2d 981; *People v Coble,* 168 AD2d 981, 982, *lv denied* 78 NY2d 954; *People v Gaskin,* 163 AD2d 816, *lv denied* 76 NY2d 893). Where the crimes charged in the indictment are joined because they are the same or similar in law, applications for severance are addressed to the sound discretion of the court (CPL 200.20 [3]; *People v Lane,* 56 NY2d 1, 8; *People v Gaskin, supra).* County Court was not required to grant a severance absent a showing by defendant of "good cause" (CPL 200.20 [3] [a], [b]; *People v Lane, supra; People v Coble, supra).* In our view, defendant failed to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of those charges, and failed to demonstrate in concrete terms that he had a strong need to refrain from testifying concerning the charge arising from one incident and important testimony to present concerning the other incident *(see,* CPL 200.20 [3] [a], [b]; *People v Lane, supra,* at 8; *People v Telford,* 134 AD2d 632, *lv denied* 71 NY2d 903). Thus, County Court did not abuse its discretion in denying defendant's motion for a severance.

Viewing the evidence, as we must, in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we conclude that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt and to exclude to a moral certainty every reasonable hypothesis of innocence *(see, People v Betancourt,* 68 NY2d 707; *People v Murray,* 168 AD2d 573). (Appeal from Judgment of Genesee County Court, Morton, J. —Burglary, 3rd Degree.) Present—Callahan, J. P., Boomer, Lawton, Davis and Doerr, JJ.