■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE B. NELSON, Appellant. [649 NYS2d 754] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the first degree, one count of petit larceny and one count of menacing in the third degree. We reject defendant's contention that the counts of the indictment charging three separate robberies should have been severed; joinder was proper pursuant to both CPL 200.20 (2) (b) and (c). Proof of one of the robberies at the trial on another would be admissible within one or more of the categories established by *People v Molineux* (168 NY 264). Evidence of each separate robbery is relevant to the others on the issues of identity and modus operandi (*see, People v Coble,* 168 AD2d 981, *lv denied* 78 NY2d

954). Additionally, the charges are defined by the same statute (*see,* Penal Law § 160.00; *People v Coble, supra; People v McCune,* 210 AD2d 978, *lv denied* 85 NY2d 864).

County Court did not err in permitting defendant to be questioned about prior convictions (*see, People v Sandoval,* 34 NY2d 371). The court specifically precluded the People from questioning defendant concerning assault and armed offense convictions. The court's *Sandoval* ruling was reasonable, particularly in view of the disproportionate number of defendant's convictions involving thefts (*see, People v Nellons,* 112 AD2d 24, *lv denied* 66 NY2d 617).

Defendant contends that his conviction of three counts of robbery is not supported by sufficient evidence. We disagree. The evidence, viewed in the light most favorable to the People, is sufficient to establish that defendant used force in an effort to escape with stolen property (*see,* Penal Law § 160.00 [1]; *see also, People v Smith,* 79 NY2d 309, 311-312).

Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Robbery, 1st Degree.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.