**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS GASTELUM-LAUREAN,

Defendant-Appellant.

No. 09-1343
(D.C. No. 1:08-CR-00398-REB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, and **MURPHY** and **O'BRIEN**, Circuit Judges.[**]

---

Jesus Gastelum-Laurean pleaded guilty to one count of unlawful reentry

into the United States after having been convicted of an aggravated felony, a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

violation of 8 U.S.C. § 1326(a). In calculating Mr. Gastelum-Laurean's criminal history, the district court followed the recommendation of the presentence report and characterized a 2005 aggravated assault conviction under Ariz. Rev. Stat. § 13-1204(A)(8) (2004) as a "crime of violence" pursuant to § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines. That characterization resulted in a sixteen-point upward adjustment in Mr. Gastelum-Laurean's offense level. The district court then sentenced him to seventy months' imprisonment.

In this appeal, Mr. Gastelum-Laurean argues that the district court erred in characterizing his Arizona aggravated assault conviction as a crime of violence under USSG § 2L1.2(b)(1)(A)(ii). The government agrees. In light of the government's concession and our review of the applicable law, we vacate Mr. Gastelum-Laurean's sentence and remand for resentencing consistent with this order and judgment.

## I. BACKGROUND

We begin by describing Mr. Gastelum-Laurean's Arizona aggravated assault conviction. Then we turn to this federal prosecution.

### A. The Arizona aggravated assault conviction

Mr. Gastelum-Laurean is a native and citizen of Mexico. In 2005, while unlawfully in the United States, he pleaded guilty to aggravated assault under

Ariz. Rev. Stat. § 13-1204(A)(8) (2004).[1]  At the time of his state court plea, § 13-1204(A)(8) provided that

> [a] person commits aggravated assault if such person commits assault as defined in § 13-1203 . . . while the victim is bound or otherwise physically restrained or while the victim's capacity to resist is substantially impaired.

In turn, § 13-1203 (the referenced statute generally defining assault) stated:

> A person commits assault by:
>
> 1.  Intentionally, knowingly, or recklessly causing any physical injury to another person;
> 2.  Intentionally placing another person in reasonable apprehension of imminent physical injury; or
> 3.  Knowingly touching another person with the intent to injure, insult, or provoke such person.

*Id.* § 13-1203 (2004).

At the plea hearing on the aggravated assault charge, Mr. Gastelum-Laurean admitted that he had "an altercation with [the victim] and . . . caused her some injury," including "some facial injuries."  Aplt's Br. at 4; Aple's Br. at 3 (quoting State Ct. Rec. doc. 31, at 9 (Tr. of June 13, 2005 Change of Plea Hr'g, at 9)).  However, the parties agree that the state court records do not provide any other information regarding the categories of assault and aggravated assault to

---

[1]  That offense is now recodified at Ariz. Rev. Stat. § 13-1204(A)(4) (2009).  We cite to the 2004 version of the statute as the one in effect at the time of Mr. Gastelum-Laurean's plea.  *See* Aplt's Br. at 2 n.2 (citing to the 2004 version of the statute).

which he admitted.  Following his guilty plea, the Arizona court sentenced Mr. Gastelum-Laurean to one year's imprisonment.

In March 2006, Mr. Gastelum-Laurean was deported to Mexico.  He returned to the United States and was again deported in September 2007.  In August 2008, law enforcement officers apprehended him in Colorado, and this federal prosecution followed.

## B.  The federal prosecution

After a federal grand jury indicted him on one count of unlawful reentry following deportation after conviction of an aggravated felony, a violation of 8 U.S.C. § 1326(a), Mr. Gastelum-Laurean pleaded guilty.  Following the recommendation of the presentence report, the district court ruled that Mr. Gastelum-Laurean's Arizona aggravated assault conviction constituted a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii).  The court found that

> the relevant application note to Guideline Section 2L1.2 defines a crime of violence as any one of several enumerated offenses including aggravated assault.
>    [Mr.  Gastelum-Laurean] was convicted in the Arizona State court of aggravated assault as defined by Arizona State law. . . . [W]hen an offense is specifically identified by the application notes as a crime of violence, I conclude that the offense is a per se crime of violence under the guidelines without then determining under *Taylor v. United States*, 495 U.S. 575 [(1990)], whether in this case the defendant's conviction in Arizona for aggravated assault corresponds to the guidelines' generic federal definition of aggravated assault.

Rec. vol. II, at 23 (Tr. of July 23, 2009 Sent. Hr'g).  In support of this per se reliance on the state court's categorization of the prior offense, the district court

cited our decision in *United States v. Hernandez-Castillo*, 449 F.3d 1127 (10th Cir. 2006), which we will address below.

The district court further found that Mr. Gastelum-Laurean's total offense level was twenty-one and that his criminal history category was V, yielding an advisory sentencing range of seventy to eighty-seven months. The court sentenced him to 70 months' imprisonment.

## II. DISCUSSION

Mr. Gastelum-Laurean now argues that the district court erred in characterizing his 2005 aggravated assault conviction as a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii) and in thereby imposing a sixteen-level increase in his offense level. He maintains that a state's classification of an offense is not dispositive as to whether the offense constitutes "a crime of violence" under the Guidelines. Instead, Mr. Gaste1um-Laurean urges us to follow the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990).

In response, the government agrees with Mr. Gastelum-Laurean. It concedes that (1) "the district court erred in ruling that [Mr.] Gastelum-Laurean's prior Arizona conviction was for an 'aggravated assault' within the meaning of the Section 2L1.2 definition of 'crime of violence' merely because the State had denominated the offense an 'aggravated assault[;]'" (2) "[Mr. Gastelum-Laurean] is also correct that consultation with the appropriate sources" reveals the elements of aggravated assault under the Arizona statute do not correspond to the generic

crime of aggravated assault; (3) the district court's judgment may not be affirmed on alternative grounds; and (4) this court should vacate Mr. Gastelum-Laurean's seventy-month sentence and remand for resentencing. Aple's Br. at 6-7.

Mr. Gastelum-Laurean's challenge to the district court's characterization of his Arizona aggravated assault conviction as a crime of violence under USSG § 2L1.2(b)(1)(A)(ii) is a legal question that we review de novo. *See United States v. Garcia-Caraveo*, 586 F.3d 1230, 1232 (10th Cir. 2009). Upon review of the applicable law, we agree with the parties' contentions.

## A. Under USSG § 2L1.2(b)(1)(A)(ii), a state court conviction for aggravated assault constitutes a crime of violence only if the elements of the state court conviction correspond to the generic elements of that crime.

USSG § 2L1.2(b)(1) sets forth the offense levels for convictions for unlawfully entering or remaining in the United States. It provides for a base offense level of eight and a sixteen-level increase "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence[.]" USSG § 2L1.2(b)(1)(A)(ii). The applicable commentary defines a "crime of violence" as:

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted

use, or threatened use of physical force against the person of another.

USSG § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

"To determine whether a particular state's criminal statute falls within the ambit of the term 'crime of violence' under the Guidelines, we look *not to how a state has labeled its statute*, but rather consider whether the statute corresponds with the 'uniform generic definition' of the crime, using the analytical framework set out in *Taylor v. United States*, 495 U.S. 575 (1990)." *Garcia-Caraveo*, 586 F.3d at 1233 (emphasis added). We examine whether the offense defined by the state statute "'roughly correspond[s] to the definitions of [the crime] in a majority of the States' criminal codes.'" *Id.* (quoting *Taylor*, 495 U.S. at 589) (alterations in original). We also consult "prominent secondary sources, such as criminal law treatises and the Model Penal Code." *Id.*

Here, we agree with Mr. Gastelum-Laurean and the government that "consultation with the appropriate sources reveals that the generally accepted crime of 'aggravated assault' is an offense that has an element either the causing of serious bodily injury or the use of a dangerous weapon." Aple's Br. at 10. *See also* Aplt's Br. at 18 (stating that "[t]hese authorities uniformly support the following 'generic' definition of aggravated assault: an assault that is committed intentionally or knowingly (or at least with 'extreme indifference to the value of human life') and that either causes serious bodily injury or involves use of a

- 7 -

dangerous weapon"); *see generally United States v. McFalls*, 592 F.3d 707, 717 (6th Cir. 2010) (observing that the Model Penal Code definition of aggravated assault "approximates the definition of 'aggravated assault' used by several states that have consolidated the crimes of assault and battery"); *United States v. Fierro-Reyna,* 466 F.3d 324, 329 (5th Cir. 2006) (considering the Model Penal Code; 2 Wayne R. LaFave, *Substantive Criminal Law* § 16.2(d) (2d ed. 2003); and various state statutes and concluding that "the generic, contemporary meaning of aggravated assault involves aggravating factors such as use of a deadly weapon and causation of serious bodily injury"); Model Penal Code § 211.1(2) (stating that "[a] person is guilty of aggravated assault" if he or she: "(a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon"); 2 Wayne R. LaFave, *Substantive Criminal Law* § 16.3(d), at 571 (2d ed. 2003) (discussing aggravated assault and stating that "in all jurisdictions statutes punish more severely than simple assault such aggravated assaults as 'assault with intent to murder' (or to kill or rob or rape) and 'assault with a dangerous [or deadly] weapon'").

As we have noted, the district court did not follow this generic-definition approach. Instead, the court concluded that because Mr. Gastelum-Laurean had been convicted of an offense labeled "aggravated assault" by an Arizona statute,

- 8 -

that offense was necessarily a crime of violence under USSG § 2L1.2(b)(1)(A)(ii). As support for this deference to the state's categorization, the district court invoked our decision in *United States v. Hernandez-Castillo*, 449 F.3d 1127 (10th Cir. 2006).

We agree with the parties that the district court erred in relying upon *Hernandez-Castillo.* In that case, this court rejected the defendant's argument that a prior statutory rape conviction was not a crime of violence because his relationship with the victim was consensual. We reasoned that statutory rape was one of the specific offenses listed in USSG § 2L1.2's definition of "crime of violence" and that, because statutory rape was so listed, a conviction for that offense was a "crime of violence" even if it did not "[have] as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii). Mr. Hernandez-Castillo did not contend, as Mr. Gastelum-Laurean does here, that the elements of his state court conviction did not correspond to the generic definition of the offense in question.

Accordingly, we must now consider whether the elements of aggravated assault under Ariz. Rev. Stat § 13-1204(A)(8) (2004) correspond to the generic elements of that offense.

**B. The elements of aggravated assault under Ariz Rev. Stat § 13-1204(A)(8) (2004) do not correspond to the generic elements of aggravated assault.**

We agree with the parties that the elements under the Arizona statute do not correspond to the generic elements of aggravated assault, which include either causing serious bodily injury or the use of a dangerous weapon. *See* Model Penal Code § 211.1(2). In particular, under Ariz. Rev. Stat. § 13-1204(A)(8) (2004), a person is guilty of aggravated assault when he or she "commits the assault [as defined by Section 13-1203] . . . while the victim is bound or otherwise physically restrained or while the victim's capacity to resist is substantially impaired." Ariz. Rev. Stat. § 13-1204(A)(8) (2004). An assault under section 13-1203 is committed in one of three ways: "1. Intentionally, knowingly or recklessly causing any physical injury to another person; or 2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or 3. Knowingly touching another person with the intent to injure, insult or provoke such person." *Id.* § 13-1203 (2004).

As the government concedes,

> [n]one of the species of assaultive conduct listed as "assault" under Section 13-1203 has as an element either the causing of serious bodily injury or the use of a dangerous weapon. Moreover, the circumstances identified in Section 13-1204(A)(4) that elevate the "assault" to an "aggravated assault"– that the victim was bound or otherwise physically restrained or that the victim's capacity to resist was substantially impaired – do not add an element of either serious bodily injury or use of a dangerous weapon.

- 10 -

Aple's Br. at 11. Accordingly, the offense of which Mr. Gastelum-Laurean was convicted was not an "aggravated assault" under the generic definition of that crime.

**C.    The government does not contend that Mr.  Gastelum-Laurean's aggravated assault conviction is a crime of violence under the alternative "element of force" standard in USSG § 2L1.2(b)(1).**

Under the commentary to section 2L1.2, an offense that is not specifically listed may nevertheless constitute a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii).  However, the government does not here contend that Mr. Gastelum-Laurean's Arizona aggravated assault conviction satisfies that definition. *See* Aple's Br. at 13 (stating that "the fact that [Mr.] Gastelum-Laurean was convicted of assault under the special circumstances of Section 13-1204(A)(4) does not permit the conclusion that he was convicted of an offense that has as an element the use, attempted use, or threatened use of physical force against another" and that "[i]t also cannot be concluded that the Section 13-1203 'assault' component of [Mr.] Gastelum-Laurean's conviction involved an element of the use, attempted use, or threatened use of physical force against another"). Accordingly, Mr. Gastelum-Laurean's aggravated assault conviction cannot now be characterized as a crime of violence under the alternative "element of force" standard in USSG § 2L1.2(b)(1).

## III. CONCLUSION

The district court erred in characterizing Mr. Gastelum-Laurean's 2005 Arizona aggravated assault conviction as a crime of violence under USSG § 2L1.2(b)(1). We therefore VACATE Mr. Gastelum-Laurean's sentence and remand for resentencing consistent with this order and judgment.

Entered for the Court,


Robert H. Henry
Chief Judge