**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE BROOKS WILLIAMS,
a/k/a Mike Williams,

Defendant - Appellant.

No. 11-1288

(D. Colorado)

(D.C. No. 1:10-CR-00492-PAB-1)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Defendant Tyrone Williams appeals the sentence imposed by the United

States District Court for the District of Colorado for his convictions of four drug

offenses and four money-laundering offenses. He contends that the district court

should have reduced his sentence because he qualified for a safety-valve

reduction. He concedes that he did not raise the issue below and that we review

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

only for plain error. We affirm because we cannot determine that there was plain error when the factual predicate for the claim was not developed in district court.

## I. BACKGROUND

On September 15, 2010, Defendant was indicted on one count of possession with intent to distribute and distribution of N-Benzylpiperazine (BZP), *see* 21 U.S.C. § 841(a)(1) and (b)(1)(C); three counts of possession with intent to distribute and distribution of 3,4-methylenedioxymethamphetamine (MDMA or "Ecstacy"), *see id.*; and 27 counts of money laundering, *see id.* § 1956(a)(1)(A)(I), (a)(1)(B)(I). The drug offenses allegedly occurred between June 30, 2009, and April 8, 2010. The money-laundering offenses allegedly occurred between May 15, 2009, and April 6, 2010. Upon Defendant's arrest on September 27, 2010, he was found in possession of about half a gram of cocaine and a nine-millimeter handgun, for which he claimed to have a concealed-weapons permit. He stated that he also owned a GSG-5 assault rifle at his parents' house.

Defendant and the government executed a plea agreement in which Defendant stipulated that he had distributed more than 20,000 Ecstacy pills during 2009 and 2010, and agreed to plead guilty to all four drug counts and to four of the money-laundering counts. The government agreed to dismiss the remaining counts and to support his "request to the Court to be sentenced at the lowest end of the applicable Guidelines range," R., Vol. 1 at 27. The parties stipulated that

the base offense level for the drug counts was 32 and that the adjusted offense level for the money-laundering counts was 34. They estimated that the adjusted offense level after grouping would be 34. The government agreed to join in Defendant's request that his offense level be reduced three levels under USSG § 3E1.1 because of his acceptance of responsibility; but the plea agreement contained no mention of safety-valve relief.

As anticipated, the presentence investigation report (PSR) calculated Defendant's total offense level as 31 and his criminal-history category as I, resulting in a sentencing guideline range of 108 to 135 months. The PSR did not mention safety-valve relief, and neither the government nor Defendant objected to it.

Before sentencing, the government filed a motion under USSG § 5K1.1 seeking a sentencing reduction because Defendant had provided "substantial, albeit modest, assistance to the [g]overnment." *Id.* at 40. The government requested that the district court impose a sentence of 86 months, 20% below the low end of the guideline range (106 months). The court imposed the requested sentence. Neither party mentioned safety-valve relief at the sentencing hearing, and Defendant concedes that he at no point objected to the district court's failure to grant him safety-valve relief.

## II.    DISCUSSION

Because Defendant raises his argument for the first time on appeal, we review for plain error. *See United States v. Garcia-Caraveo*, 586 F.3d 1230, 1232 (10th Cir. 2009). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Defendant invokes the safety-valve provisions of USSG §§ 2D1.1(b)(16) (codified as § 2D1.1(b)(11) at the time of Defendant's sentencing) and 5C1.2 (2011). Section 2D1.1(b)(16), which applies to drug offenses, states: "If the defendant meets the criteria set forth in subdivisions (1)–(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease [the offense level] by 2 levels." The referenced criteria in § 5C1.2(a) are:

> (1) the defendant does not have more than 1 criminal history point . . . ;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, . . . and was not engaged in a continuing criminal enterprise . . . ; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

-4-

Defendant contends that he met the requirements of § 5C1.2, and that the district court plainly erred in failing to deduct two levels. It was Defendant's burden to show that he met the requirements. *See United States v. Stephenson*, 452 F.3d 1173, 1179 (10th Cir. 2006). He asserts that requirements (1), (3), (4), and (5) warrant little discussion because he clearly met them. As for requirement (2), he claims that he met it but acknowledges that "it requires discussion given that [he] possessed a gun" at the time of his arrest. Aplt. Br. at 12. He points out that "[t]he charged offenses were alleged to have occurred from May 15, 2009 to April 8, 2010," *id.* at 1–2, while he was not arrested until September 27, 2010, more than five months later. He argues that his "post-offense possession of a gun, which he had a permit to carry, does not constitute possessing a gun in connection with 'the offense.'" *Id.* at 12.

Defendant might be right that he qualified for a safety-valve reduction under §§ 2D1.1(b)(16) and 5C1.2. "But we can reverse under plain-error review only if it is clear that [the district court erred]." *United States. v. Lewis*, 594 F.3d 1270, 1288 (10th Cir. 2010). Reversal when error is not clear would be inappropriate because a hearing on remand might show that the defendant who claims entitlement to a safety-valve reduction was in fact not so entitled. It would be fruitless and wasteful for us to "reverse and remand because of 'plain error' [when] it may ultimately be resolved that there was no error at all." *Id.* Thus, "we have stated that factual disputes regarding sentencing not brought to

-5-

the attention of the district court do not rise to the level of plain error." *Id.* (brackets and internal quotation marks omitted).

In this case, for example, we cannot say that on remand Defendant would surely be able to establish requirements (2) and (5) of § 5C1.2. Regarding requirement (2), Defendant would have to persuade the district court that he had not possessed either of his two firearms when he committed the drug offenses for which he was convicted. Also, because the term *offense* in requirement (2) includes not only the offense of conviction but also all relevant conduct, *see* application note 3 to § 5C1.2, Defendant would have to show that his possession of drugs at the time of his arrest (when he was found with a firearm) was not "part of the same course of conduct or common scheme or plan as [an] offense of conviction," *see* USSG § 1B1.3(a)(2) (2010). And as for requirement (5), although the district court stated that it appeared that Defendant had "provided as much information as he knew," R., Vol. 3 at 33, the government had no reason to challenge that assessment at the sentencing hearing and might provide contrary evidence if the issue were raised on remand.

## III. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-6-