## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDY PLATT,

    Defendant - Appellant.

No. 19-6061
(D.C. No. 5:18-CR-00172-D-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Randy Platt appeals his 77-month prison sentence, arguing that the district court erred in classifying his prior Utah robbery conviction as a "crime of violence" under § 4B1.1 of the United States Sentencing Guidelines (U.S.S.G. or Guidelines). We have jurisdiction under 28 U.S.C. § 1291 and affirm the sentence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Platt pled guilty to assault with serious bodily injury in violation of 18 U.S.C. § 113(a)(6), a felony offense.  The Presentence Investigation Report identified a prior federal conviction for bank robbery and a prior Utah state conviction for robbery, both of which were classified as crimes of violence, and determined that Mr. Platt was a career offender.  A defendant is a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a); *see id.* § 4B1.2(a) (defining "crime of violence" as used in § 4B1.1). As a career offender, his sentencing guidelines range was increased from 57-71 months to 77-96 months.  Mr. Platt objected to classifying his Utah robbery conviction as a crime of violence; if it is not a crime of violence, he is not a career offender.

The district court sentenced Mr. Platt to 77 months in prison pursuant to the career-offender enhancement of § 4B1.1.  Mr. Platt challenges the district court's determination that his prior Utah conviction for robbery was a crime of violence.

## II.    DISCUSSION

A district court's failure to properly calculate the advisory Guidelines range is a "significant procedural error."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We review de novo Mr. Platt's claim that his prior Utah conviction does not qualify as a crime of violence under § 4B1.2.  *See United States v. Wray*, 776 F.3d 1182, 1184 (10th Cir. 2015) ("Our review of whether a defendant's prior conviction constitutes a crime of violence under U.S.S.G. § 4B1.2 is de novo."); *see also United States v. Abeyta*, 877 F.3d 935, 939

2

(10th Cir. 2017) ("We review the district court's interpretation and application of the

Sentencing Guidelines de novo." (internal quotation marks omitted)).

Mr. Platt was convicted of violating the Utah statute for robbery, which provides:

(1) A person commits robbery if:

  (a) the person unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, by means of force or fear, and with a purpose or intent to deprive the person permanently or temporarily of the personal property; or

  (b) the person intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft or wrongful appropriation.

(2) An act is considered to be "in the course of committing a theft or wrongful appropriation" if it occurs:

  (a) in the course of an attempt to commit theft or wrongful appropriation;

  (b) in the commission of theft or wrongful appropriation; or

  (c) in the immediate flight after the attempt or commission.

Utah Code Ann. § 76-6-301.

The federal career offender guideline defines a "crime of violence" as an offense

punishable by imprisonment in excess of one year that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [the "elements clause"] or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, *robbery*, arson, extortion, or the use or unlawful possession of a firearm . . . [the "enumerated-offenses clause"].

U.S.S.G. § 4B1.2(a) (emphasis added).

We hold that a robbery conviction under § 76-6-301 is a "crime of violence" under the enumerated-offenses clause in § 4B1.2(a)(2).[1] When evaluating whether a state's criminal statute qualifies as a "crime of violence" under the enumerated-offenses clause of the Guidelines, "we look not to how a state has labeled its statute, but rather consider whether the statute corresponds with the 'uniform generic definition' of a crime, using the analytical framework set out in *Taylor v. United States*, 495 U.S. 575 . . . (1990)." *United States v. Garcia-Caraveo*, 586 F.3d 1230, 1233 (10th Cir. 2009); *see also id.* at 1233 n.1 (acknowledging that *Taylor* interpreted the "violent felony" provision of the Armed Career Criminal Act and stating that "[t]his circuit applies *Taylor*'s analytical framework to questions of the scope of the term 'crime of violence' in [the Guidelines] as well"). "To do so, we examine whether the state's statute roughly corresponds to the definitions of the crime in a majority of the States' criminal codes, as well as prominent secondary sources, such as criminal law treatises and the Model Penal Code." *Id.* (citation, brackets, and internal quotation marks omitted).

If some conduct described in the Utah robbery statute "would not be a 'crime of violence' under § 4B1.2(a), then any conviction under that statute will not qualify as a 'crime of violence' for a sentence enhancement under the Guidelines, regardless of

---

[1] Mr. Platt also argues that Utah robbery does not qualify under the elements clause of U.S.S.G. § 4B1.2(a)(1). Because we conclude that Mr. Platt's conviction qualifies as a crime of violence under the enumerated-offenses clause, we do not address the elements clause. *Cf. United States v. Fitzgerald*, 935 F.3d 814, 816 (9th Cir. 2019) (deeming it unnecessary to address the enumerated-offenses clause after concluding that the defendant's conviction was a crime of violence under the elements clause), *petition for cert. docketed*, (U.S. Feb. 19, 2020) (No. 19-7646).

whether the conduct that led to a defendant's prior conviction was in fact violent."

*United States v. O'Connor*, 874 F.3d 1147, 1151 (10th Cir. 2017).[2]  In other words, "if

the statute sweeps more broadly than the generic crime, a conviction under that law

cannot count as [a 'crime of violence'], even if the defendant actually committed the

offense in its generic form."  *Descamps v. United States*, 570 U.S. 254, 261 (2013).

Mr. Platt concedes that subsection (1)(a) of the Utah robbery statute falls within

the definition of generic robbery.  But he contends that subsection (1)(b) falls outside the

generic definition because it includes "the immediate flight after the attempt or

commission [of the theft or wrongful appropriation]," § 76-6-301(2)(c).[3]  He maintains

that the generic definition of robbery does not include conduct occurring after the taking

of the property.

It is true that "[a]t common law . . . robbery occurred only when the perpetrator

used force or intimidation *before or during* the taking itself; force used to retain the

property or to escape did not suffice to transform larceny into robbery."

*Garcia-Caraveo*, 586 F.3d at 1233.  But even though "the old common law required that

the force or violence used in a robbery occur before or during the taking of property, a

---

[2] *O'Connor* held that "because Hobbs Act robbery includes threats to property, it is broader than . . . generic robbery."  874 F.3d at 1153.  Mr. Platt does not argue that the Utah robbery statute includes threats to property.  Rather, he maintains that *O'Connor* "did not provide a specific definition of generic robbery."  Aplt. Opening Br. at 14.  As discussed herein, we do not rely on *O'Connor* to conclude that Utah robbery meets the uniform generic definition of robbery.

[3] Subsection (2)(c) explains the phrase "in the course of committing a theft or wrongful appropriation" as used in subsection (1)(b).

5

different result is often possible today as a result of legislative or judicial adoption of a continuing offense theory of the crime." *Id.* at 1235 (internal quotation marks omitted). "Under this theory, a robbery has occurred not only if the perpetrator uses force or intimidation to take possession of the property, but also if force or intimidation is used to retain possession immediately after the taking, or to carry away the property, or to facilitate escape, because a taking is not complete until the perpetrator has neutralized any immediate interference with his or her possession." *Id.* (ellipsis and internal quotation marks omitted).

Utah has adopted a continuing-offense, or transactional, view of robbery. *See State ex. rel D.B. v. State*, 925 P.2d 178, 180-81 (Utah App. 1996). Under § 76-6-301, "force need only be exerted at some time during the entire course of the transaction." *Id.* at 180; *see id.* at 181 n.2 (noting that the relevant version of § 76-6-301(b)(2) included "the immediate flight after the attempt or commission" of the theft). Moreover, in *Garcia-Caraveo* this court surveyed the robbery statutes of 48 states and consulted "distinguished secondary sources" to conclude "that the uniform generic definition of robbery incorporates the continuing-offense theory." 586 F.3d at 1236; *see id.* at 1235-36 (listing states surveyed and noting that Utah is one of the states that have adopted the continuing-offense theory).

Therefore, we hold that, with respect to when the use or threat of force must occur, Utah Code Ann. § 76-6-301 falls within the uniform generic definition of robbery, and thus is a "crime of violence" under § 4B1.2(a)(2). Mr. Platt's conviction for robbery in

6

Utah was for a "crime of violence," and the district court's classification of him as a career offender was not error.

### III.    CONCLUSION

We affirm the district court's ruling that Mr. Platt's Utah robbery constitutes a crime of violence under § 4B1.2.  He therefore was properly sentenced as a career offender under § 4B1.1.  Mr. Platt's 77-month sentence is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge